Nov. Term,

SCARCE *v.* THE INDIANA AND ILLINOIS CENTRAL RAILWAY COMPANY.

1861.

SCARCE
v.
THE INDIANA
AND ILLINOIS
CENTRAL
RAILWAY Co.

*A.*, having made a cash subscription of $3,000 to the stock of the railway company, was induced by an agent of the company to make a further subscription of a certain farm owned by him, upon the promise that his cash subscription should not be demanded until the road was completed. The company, not regarding their obligation to forbear, commenced suit on the cash subscription, and were proceeding to enforce the collection of a judgment recovered thereon. Suit by *A.* to recover the land, averring a tender of the stock taken for the land.

*Held,* that the contract to forbear, being founded upon a valid consideration, might perhaps have been set up in defense of the action upon the cash subscription, and would certainly have furnished good ground for enjoining its collection until the completion of the road ; but no such defense having been made, *A.* was not entitled to a rescission of the land subscription.

*Held,* also, that the company, having broken her contract, was liable for damages, and the complaint was sufficient to authorize their recovery.

APPEAL from the *Hendricks* Circuit Court.

DAVISON, J.—*Scarce*, who was the plaintiff, brought this action against the railway company, alleging, in his complaint, these facts: In *September*, 1853, and previous thereto, the plaintiff was indebted to the company $3,000, for capital stock by him subscribed and taken. At the same time, he was the owner in fee simple of a tract of land in *Hendricks* county, (describing it,) which he offered to sell, in order to realize means of paying for the stock so taken. After this, the company, by one *Henry G. Tod,* her agent, proposed to the plaintiff, that he should subscribe one hundred and sixty-four shares of additional stock of the company, at $50 each, and in payment therefor, convey to her the land described. This he refused to do, because, as alleged, he had reserved the land for the purpose of sale, and the application of its proceeds to the payment of the previous cash subscription of $3,000. Thereupon the company, by her agent, for the purpose of cheating and defrauding him in that behalf, and fraudulently inducing him to subscribe such additional stock, falsely and fraudulently represented and agreed, that if he would take the additional stock and

*Monday,
December 2.*

Nov. Term, 1861.

SCARCE
v.
THE INDIANA
AND ILLINOIS
CENTRAL
RAILWAY CO.

convey the land to the company, she would not ask or demand payment of the $3,000, the cash subscription, until she had completed her road. And said agent then represented that he was authorized by the company's board of directors to make such agreement. It is averred that the plaintiff, confiding in said representations, and believing them to be true, when in truth they were false and fraudulent, did, as proposed by said agent, subscribe for one hundred and sixty-four shares of stock, of the estimated value of $8,200, and in payment therefor, and in consideration that the company would forbear the collection of said $3,000 until her railway was completed, he did convey the land described to the company, which was, and is, of the value of $8,200. And the plaintiff in fact says, that the company failed to forbear the collection of the $3,000, as stipulated by her agent; but has sued, and recovered a judgment for the same, and has assigned the judgment so recovered, to one *Butler*, who is pressing the collection thereof by execution, although the company has not, as yet, completed her road, or any part of it. And further, it is averred that the plaintiff, prior to the institution of this suit, tendered back to the company the one hundred and sixty-four shares of the stock, and demanded a reconveyance of the land, &c.

The relief prayed for is, that the contract whereby the plaintiff so parted with his land for stock, be rescinded; that the company be ordered to reconvey the land to the plaintiff, and that other relief be granted, &c. And further, the plaintiff demands damages, &c.

As we have seen, the fraudulent representations alleged in the complaint, do not refer to any fact existing at the time they were made; but they relate, alone, to the stipulation to forbear the collection of the $3,000, until the railway was completed. These representations can not, therefore, have any effective bearing in the consideration of this case; because the company had full power to comply with her agreement to forbear, and having failed to do so, was, without reference to any such representations, simply guilty of a breach of contract. Has the plaintiff, in view of the alleged facts, an appropriate remedy? This is the only question to settle

in the case. The appellee contends that the plaintiff's claim for relief, if he ever had any, was against the action of the company for the recovery of the first subscription. This position is not strictly correct. True, the contract to forbear being, in this instance, founded upon a valid consideration, the plaintiff might, perhaps, have set it up in defense of that action. Evidently, he could have enjoined the collection of the $3,000, until the railway was completed. But having failed to make any resistance to the suit for the first subscription, he is not, it seems to, us, entitled to a rescission of the contract. The plaintiff, however, should not be adjudged remediless. The company, having broken her contract, by proceeding before the completion of her road to enforce the collection of the $3,000, is obviously liable to an action for the recovery of damages. And, in our judgment, the complaint before us contains facts sufficient to authorize such recovery. And, as the measure of damages for the breach must depend upon the facts proved on the trial, we can not now say what that measure should be. In our opinion, the demurrer should have been overruled; and the result is, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. M. Gregg* and *P. S. Kennedy*, for the appellant.

*J. Morrison, C. C. Nave* and *J. Witherow*, for the appellee.